**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 30, 2009

Charles R. Fulbruge III
Clerk

No. 08-50410
Conference Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

JOSE ANTONIO SAUCEDO-MARTINEZ, also known as Jose Antonio Saucedo

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:07-CR-2979-ALL

Before JONES, Chief Judge, and JOLLY and ELROD, Circuit Judges.

PER CURIAM:[*]

Jose Antonio Saucedo-Martinez appeals the sentence imposed following his guilty plea conviction for attempted illegal reentry in violation of 8 U.S.C. § 1326. Saucedo-Martinez argues that, although his sentence was within the recommended guidelines range, it should not be presumed reasonable because U.S. Sentencing Guidelines Manual (U.S.S.G.) § 2L1.2 is flawed under *Kimbrough v. United States*, 128 S. Ct. 558, 574 (2007), wherein the Supreme

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Court recognized that certain Guidelines do not take account of empirical data and national experience. Saucedo-Martinez also argues that his guidelines sentence was unreasonable because it was greater than necessary to meet the sentencing goals of 18 U.S.C. § 3553(a).

Following *United States v. Booker*, 543 U.S. 220 (2005), we review a district court's sentencing decision for reasonableness in light of the sentencing factors in § 3553(a). *Gall v. United States*, 128 S. Ct. 586, 594 (2007). First, we consider whether the sentence imposed is procedurally sound. *Id.* at 597. Thereafter, we consider whether the sentence is substantively reasonable, using an abuse-of-discretion standard. *Id.* A sentence imposed within a properly calculated guidelines range is entitled to a rebuttable presumption of reasonableness. *Rita v. United States*, 127 S. Ct. 2456, 2462 (2007); *United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006).

Citing the Supreme Court's decision in *Kimbrough,* 128 S. Ct. at 575, Saucedo-Martinez argues that the within-guidelines sentence imposed in his case should not be accorded a presumption of reasonableness. Saucedo-Martinez contends that the justification for applying a presumption of reasonableness in his case is undercut because U.S.S.G. § 2L1.2, the Guideline used to calculate his advisory sentencing guidelines range, was not promulgated according to usual Sentencing Commission procedures and did not take into account "empirical data and national experience." He portrays the *Kimbrough* decision as having "suggested" that the appellate presumption should not be applied to Guidelines that did not take account of this data and experience. He also argues that the appellate presumption should not apply because U.S.S.G. § 2L1.2 gives heavy weight to prior convictions, which effectively double counts a defendant's criminal record in establishing his guidelines range.

The question presented in *Kimbrough* was whether "a sentence . . . outside the guidelines range is per se unreasonable when it is based on a disagreement with the sentencing disparity for crack and powder cocaine offenses." 128 S. Ct.

at 564. Speaking specifically to the crack cocaine Guidelines, the Court simply ruled that "it would not be an abuse of discretion for a district court to conclude when sentencing a particular defendant that the crack/powder disparity yields a sentence greater than necessary to achieve § 3553(a)'s purposes, even in a mine-run case." *Id.* at 575 (internal quotation marks omitted). In *Kimbrough,* the Court said nothing of the applicability of the presumption of reasonableness. Moreover, the appellate presumption's continued applicability to U.S.S.G. § 2L1.2 sentences is supported by this court's decision in *United States v. Campos-Maldonado*, 531 F.3d 337, 338-39 (5th Cir.), *cert. denied,* 129 S. Ct. 328 (2008), which involved a similar challenge to U.S.S.G. § 2L1.2. The appellate presumption is therefore applicable in this case.

Saucedo-Martinez has demonstrated neither that there was any procedural error with respect to his sentence nor that his sentence was substantively unreasonable. *See Gall*, 128 S. Ct. at 597. Nor has he rebutted the presumption of reasonableness afforded his sentence. *See Alonzo*, 435 F.3d at 554. Accordingly, he has not shown that his sentence was an abuse of discretion by the district court. *See Gall*, 128 S. Ct. at 597. The judgment of the district court is AFFIRMED.